<table>
<tr><td colspan="2">

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**LUBBOCK DIVISION**

</td><td>

**FILED**

**April 24, 2023**

KAREN MITCHELL
CLERK, U.S. DISTRICT
COURT

</td></tr>
</table>

| | | |
|---|---|---|
| **RITA GREEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| - vs - | § | **CASE NO. 5:22-cv-00315-C** |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

## DEFENDANT STATE FARM LLOYDS' AMENDED ANSWER

NOW COMES Defendant State Farm Lloyds ("Defendant"), by and through its attorneys, and files its Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Rita Green ("Plaintiff"), and shows the Court as follows:

## FIRST DEFENSE

Plaintiff's complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff failed to comply with all conditions precedent to recovery under the insurance policy made the basis of this suit in that she has failed to prove that the alleged losses and damages for which she had not been paid was a covered loss, failed to maintain records related to the alleged loss, failed to provide requested records related to the loss, and failed to segregate any portion of the alleged losses that are covered from the portion that are not covered.

## THIRD DEFENSE

The existence of coverage and/or compensable damage for Plaintiff's underlying insurance claims is mandatory to establish the basis of Plaintiff's claims under the Texas Insurance Code. Because Plaintiff's allegations are generally based upon Defendant's alleged failure to pay policy

benefits, and differences in price and scope, the absence of coverage for many portions of the Plaintiff's underlying insurance claim precludes the Plaintiff's Insurance Code and extra-contractual claims against Defendant arising out of those allegations.

### FOURTH DEFENSE

Defendant asserts the defense of concurrent causation. Under the doctrine of concurrent causes, an insured's recovery is limited to the amount of damage caused by a covered peril. In other words, when a loss is caused by covered and non-covered perils, the insured may recover only that portion of the damage caused solely by the covered peril. Because the insured is required to prove that the damage is covered by the policy, the burden of segregating the damage attributable solely to the covered peril from the damage attributable to the non-covered peril is a coverage issue on which the insured bears the burden of proof.

### FIFTH DEFENSE

Any recovery, which Defendant denies, is subject to the policy limits and policy terms, conditions, exclusions, and limitations of its insurance policy subject to the lawsuit. Some or all of Plaintiff's claims are not covered, excluded, or limited by applicable policy terms, conditions, and exclusions of the policy.

Under the policy, Plaintiff bears the burden to prove the value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiff lacks proof of damages resulting from any accidental direct physical loss during the policy period beyond those damages already acknowledged by State Farm under the policy, if any. The relevant policy provisions include, without limitation, the following:

**Section I— Property Coverages:**

**COVERAGE A – DWELLING**

1.  **Dwelling.** *We* cover the *dwelling* and materials and supplies located on or adjacent to the *residence premises* for use in the construction, alteration, or repair of the *dwelling* or other structures on the *residence premises*.

**Section I— Losses Insured:**

**COVERAGE A – DWELLING**

*We* will pay for accidental direct physical loss to the property described in Coverage A, unless the loss is excluded or limited in **SECTION I – LOSSES NOT INSURED** or otherwise excluded or limited in this policy. Accidental means happening by chance, unexpectedly, and/or unintended from *your* standpoint. However, loss does not include and *we* will not pay for, any *diminution in value*.

**Section I – Losses Not Insured:**

1.  *We* will not pay for any loss to the property described in Coverage A that consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through m. below, regardless of whether the loss occurs abruptly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:

    c.  freezing, thawing, pressure, or weight of water, ice, snow, or sleet, whether driven by wind or not, to:

        (1) a swimming pool, hot tub, or spa, including their covers, filtration, and circulation systems; or

        (2) an awning, fence, pavement, patio, foundation (including slabs, basement walls, crawl space walls, and footings), retaining wall, bulkhead, pier, wharf, or dock

## Section I - Conditions

6. **Suit Against Us.** No suit or action can be brought unless:

   a. there has been compliance with the policy provisions;

   b. except as provided in item c. below, suit or action brought against *us* is started within two years and one day after the cause of action accrues; and

   c. with respect to a loss caused by windstorm or hail in the catastrophe area as defined under Texas law, suit or action brought against *us* is started within the earlier of:

      (1) two years from the date *we* accept or reject the claim; or

      (2) three years from the date of the loss that is the subject of the claim.

### Section I – Loss Settlement

**SECTION I – LOSS SETTLEMENT**

Only the **Loss Settlement Provisions** shown in the *Declarations* apply. *We* will settle covered property losses according to the following. However, the valuation of any covered property losses does not include, and *we* will not pay, any amount for *diminution in value*.

**COVERAGE A – DWELLING**

1. **A1 – Replacement Cost Loss Settlement – Similar Construction.**

   a. *We* will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the *Declarations*, the damaged part of the property covered under **SECTION I – PROPERTY COVERAGES, COVERAGE A – DWELLING**, except for wood fences, subject to the following:

      (1) until actual repair or replacement is completed, *we* will pay only the *actual cash value* of the damaged part of the property, up to the applicable limit of liability shown in the *Declarations*, not to exceed the cost to repair or replace the damaged part of the property;

> (2) when the repair or replacement is actually completed, *we* will pay the covered additional amount *you* actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the *Declarations*, whichever is less;
>
> (3) to receive any additional payments on a replacement cost basis, *you* must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to *us* after the work has been completed; and
>
> (4) *we* will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair, or demolition of a *building structure* or other structure, except as provided under **OPTIONAL POLICY PROVISIONS, Option OL – Building Ordinance or Law.**

\*\*\*

## SIXTH DEFENSE

Any recovery, which Defendant denies, under the insurance policy will be subject to the amount of the applicable deductible(s) of the Apartment Policy, Rental Dwelling Policy and the Homeowner's Policy. The relevant policy language states as follows:

**Deductible:**

> ### DEDUCTIBLE
>
> In case of loss under this policy, *we* will pay, subject to specified policy limits, only that part of the amount of the loss that exceeds the deductible amount shown in the *Declarations*. Deductibles will be applied per occurrence. Deductibles apply to specific losses as described in this policy.

## SEVENTH DEFENSE

Defendant contends that Plaintiff's claims are barred, in whole or in part, because the damages and losses alleged in Plaintiff's Complaint to the property, none being admitted, were

proximately caused in whole or in part by normal wear and tear and/or improper installation of various items on the property, which are not insured losses.

## EIGHTH DEFENSE

With regard to any extra-contractual claims, as an alternative theory, because Defendant contends that it complied with all terms under the policies and therefore Plaintiff's breach of contract claim fails, Defendant contends that a *bona fide* controversy existed and may continue to exist concerning Plaintiff's entitlement to insurance benefits from Defendant who may value claims differently from its insureds without facing liability under the Texas Insurance Code. Defendant had a reasonable basis for its conduct based upon the claim investigations for the claim subject to the lawsuit. A mere *bona fide* coverage dispute does not constitute a breach of any duty of good faith and fair dealing to any extent alleged by Plaintiff in this lawsuit. Moreover, a *bona fide* controversy exists in the valuation of Plaintiff's claim and liability, if any, under the contract. Therefore, Defendant contends that Plaintiff's extra-contractual causes of action are precluded.

## NINTH DEFENSE

Defendant asserts that the insurance policy at issue in this lawsuit limits coverage to accidental direct physical loss and certain losses do not come within the coverage provided by the policy.

## TENTH DEFENSE

To any extent Plaintiff alleges any supposed claims under the Texas Insurance Code or the Texas Deceptive Trade Practices–Consumer Protection Act in the Complaint, Defendant contends that Plaintiff is precluded from any recovery or relief thereunder because, among other things, (a) Defendant did not breach the insurance policies under which Plaintiff purports to be claiming in this lawsuit; (b) Plaintiff has not sustained any damages independent of Plaintiff's alleged breach-

of-contract theory; (c) the handling and investigation of each of Plaintiff's insurance claims was reasonable; (d) according to Plaintiff's allegations, any alleged liability for Plaintiff's insurance claims did not become and is not reasonably clear; and (e) according to Plaintiff's allegations, there is a *bona fide* coverage dispute concerning Plaintiff's insurance claims and the policies of insurance under which Plaintiff purports to be claiming in this lawsuit although Defendant contends it fully complied with all policy terms.

## ELEVENTH DEFENSE

Defendant contends that Plaintiff's claims are barred, in whole or in part, to the extent the damages and losses alleged in Plaintiff's Complaint, none being admitted, pre-existed or post-dated the alleged date of loss.

## TWELFTH DEFENSE

Defendant is entitled to an offset or credit for any and all sums paid or that might be paid to Plaintiff as a result of the insurance claims as reported to State Farm, including prior sums paid by State Farm.

## THIRTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, State Farm invokes its right under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. State Farm affirmatively pleads that Plaintiff's pleading of punitive and/or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendment.

To the extent Plaintiff seeks punitive damages against State Farm, assessment of punitive damages is improper because Plaintiff has failed to plead any predicate authorizing the recovery of punitive damages. To any extent Plaintiff seeks any recovery of exemplary or punitive damages

in this lawsuit, Plaintiff is unable to establish, by credible evidence meeting the requisite standard of proof that State Farm was actually aware of any harm which Plaintiff alleges to have sustained as a result of the handling of Plaintiff's insurance claim.  Plaintiff is not entitled to any alleged exemplary or punitive damages because Plaintiff is unable to prove that State Farm was actually aware of an extreme risk resulting from the handling of Plaintiff's claim.  Further, any award of punitive damages must be limited to the greater of: (1) two times the amount of economic damages plus an amount equal to any non-economic damages found by the jury, not to exceed $750,000; or (2) two times the amount of economic damages plus $200,000, pursuant to the statutory mandates of Texas Civil Practice & Remedies Code §§ 41.002-41.009.  Further, State Farm contends that any conduct of employees of State Farm cannot be imputed to State Farm for purposes of exemplary damages.

### FOURTEENTH DEFENSE

Under Texas law, an insured bringing an action against its insurer for an alleged breach of a duty of good faith and fair dealing must carry the burden of proof to establish that the insurer unreasonably denied or delayed payment of an insurance claim when the insurer's liability had become reasonably clear. At all times material to this lawsuit, State Farm contends that State Farm's liability was not "reasonably clear."

### FIFTEENTH DEFENSE

Defendant is entitled to an offset or credit for any and all sums paid or that might be paid to Plaintiff as a result of the insurance claims as reported by State Farm.

### SIXTEENTH DEFENSE

Chapter 542A of the Texas Insurance Code applies to Plaintiff's lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged hail and wind

damage. Defendant contends Plaintiff failed to give proper notice under TEX. INS. CODE §
542A.003, precluding or limiting any right Plaintiff may have to recover attorney's fees.

Specifically, TEX. INS. CODE § 542A.003 requires that Plaintiff provide written notice to
Defendant not later than the 61st day before the date Plaintiff files an action to which Chapter
542A applies that must include:

    (1)    a statement of the acts or omissions giving rise to the claim;

    (2)    the specific amount alleged to be owed by the insurer on the claim for damage to
or loss of covered property; and

    (3)    the amount of reasonable and necessary attorney's fees incurred by the claimant
calculated by multiplying the number of hours actually worked by the claimant's
attorney, as of the date the notice is given and as reflected in contemporaneously
kept time records, by an hourly rate that is customary for similar legal services.

Furthermore, if an attorney or other representative gives the notice required under Chapter
542A, the attorney or representative must:

    (1)    provide a copy of the notice to the claimant; and

    (2)    include in the notice a statement that a copy of the notice was provided to the
claimant.

Defendant was entitled to pre-suit notice at least sixty one-days before filing this action in
accordance with Tex. Ins. Code § 542A.003(a). Defendant contends that Plaintiff failed to comply
with one or more of the requirements of TEX. INS. CODE § 542A. Accordingly, pursuant to TEX.
INS. CODE § 542A.007(d), the Court may not award Plaintiff any attorney's fees incurred after
the date Defendant files this pleading.

## I.    PARTIES

1.    Defendant does not have sufficient information to admit or deny that Plaintiff is a resident
of Floyd County, Texas but upon information and belief, believes that Plaintiff is a resident
of Floyd County, Texas.

2.      Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint and Defendant states that State Farm Lloyds is an association of individual underwriters authorized to conduct business in Texas as a Lloyds' plan insurer as defined and set out in the Texas Insurance Code and admits that it has been served with process.

## II.      JURISDICTION AND VENUE

3.      Defendant admits, that upon information and belief, the amount in controversy is within the jurisdictional limits of this Court.

4.      Defendant admits that this case was properly removed and this Court has jurisdiction over this case.  Defendant admits that this Court has jurisdiction over the Defendant.

## III.      DISCOVERY

5.      Defendant denies each and every allegation in Paragraph 5 of Plaintiff's Petition as alleged because the allegations relate to state court procedural matters that are not relevant to this federal court action.

## IV.      CLAIM FOR RELIEF

6.      Defendant denies all allegations and averments contained in Paragraph 6 of Plaintiff's Petition.

## V.      FACTS

7.      Defendant admits that Plaintiff purchased an insurance policy from Defendant.

8.      Defendant admits that Plaintiff submitted a claim to Defendant.  Defendant admits that Plaintiff was assigned Claim Number 43-20K3-02F.  Defendant admits that an adjuster was assigned to Plaintiff's claim.  Defendant denies the remaining allegations made by Plaintiff in Paragraph 8.

9.      Defendant denies each and every allegation in Paragraph 9 of Plaintiff's complaint.

10.    Defendant admits that an adjuster was assigned to Plaintiff's claim.  Defendant denies the remaining allegations made by Plaintiff in Paragraph 10.

11.    Defendant admits that Defendant provided an estimate for repairs in the amount of $732.99. Defendant admits that after application of the Policy deductible ($1,834.00), no amount was paid at this time because the damage did not exceed Plaintiff's deductible.  Defendant denies all other allegations in Paragraph 11 of Plaintiff's complaint.

12.    Defendant denies all allegations contained in Paragraph 12 of Plaintiff's complaint.

## VI.    CAUSES OF ACTION

13.    Plaintiff does not assert any new allegations in Paragraph 13, but to the extent that Plaintiff realleges and incorporates by reference any allegations contained in Paragraphs 1-12, Defendant reasserts its positions established in Paragraphs 1-12.

### A.    BREACH OF CONTRACT

14.    Defendant denies each and every allegation contained in Paragraph 14 of Plaintiff's complaint.

### B.    PROMPT PAYMENT OF CLAIMS STATUTE

15.    Defendant denies each and every allegation contained in Paragraph 15 of Plaintiff's complaint.

16.    Defendant denies each and every allegation contained in Paragraph 16 of Plaintiff's complaint.

### C.    BAD FAITH

17.    Defendant denies each and every allegation contained in Paragraph 17 of Plaintiff's complaint.

18.     Defendant denies each and every allegation contained in Paragraph 18 of Plaintiff's complaint.

19.     Defendant denies each and every allegation contained in Paragraph 19 of Plaintiff's complaint.

20.     Defendant denies each and every allegation contained in Paragraph 20 of Plaintiff's complaint.

21.     Defendant denies each and every allegation contained in Paragraph 21 of Plaintiff's complaint.

22.     Defendant denies each and every allegation contained in Paragraph 22 of Plaintiff's complaint.

**D.     ATTORNEYS' FEES**

23.     Defendant denies each and every allegation contained in Paragraph 23 of Plaintiff's complaint.

24.     Defendant denies each and every allegation contained in Paragraph 24 of Plaintiff's complaint.

25.     Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's complaint.

## VII.     CONDITIONS PRECEDENT

26.     Defendant denies all allegations and averments contained in Paragraph 26 of Plaintiff's complaint.

## [PLAINTIFF'S] PRAYER

Defendant denies that Plaintiff is entitled to any of the requested relief and denies all allegations and averments contained in the Prayer.

## RELIEF REQUESTED

Defendant State Farm Lloyds asks that upon final hearing hereof, Plaintiff Rita Green take nothing of and from Defendant by reason of this suit, and that Defendant recover all of its costs and attorney's fees and for such other relief, to which Defendant may be justly entitled.

Dated:  April 17, 2023                                    Respectfully submitted,

**DYKEMA GOSSETT PLLC**

By: */s/ Will Davis*
    **Michael Klein**
    State Bar No. 11563200
    mklein@dykema.com
    One Congress Plaza
    111 Congress Avenue, Suite 1800
    Austin, Texas 78701
    (512) 703-6300
    (512) 703-6399 (Fax)

    **Will Davis**
    State Bar No. 24105781
    wdavis@dykema.com
    Comerica Bank Tower
    1717 Main Street, Suite 4200
    Dallas, Texas 75201
    (214) 462-6400
    (214) 462-6401 (fax)

    *ATTORNEYS FOR DEFENDANT*
    *STATE FARM LLOYDS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record on April 17, 2023, in compliance with the Federal Rules of Civil Procedure.

Maria Gerguis
Richard D. Daly
mgerguis@dalyblack.com
rdaly@dalyblack.com
ecfs@dalyblack.com
DALY & BLACK, P.C.
2211 Norfolk St., Suite 800
Houston, Texas  77098
***ATTORNEYS FOR PLAINTIFF***

<u>/s/ *Will Davis*</u>
Will Davis

4895-5036-0925.2